41 P.3d 744

**STATE of Idaho, Plaintiff–Respondent,**

v.

**David Juhl COX, Defendant–Appellant.**

**No. 26746.**

Court of Appeals of Idaho.

Feb. 5, 2002.

Molly J. Huskey, Interim State Appellate Public Defender; Craig Harrison Durham, Deputy Appellate Public Defender, Boise, for appellant. Craig Harrison Durham argued.

Hon. Alan G. Lance, Attorney General; Karen A. Hudelson, Deputy Attorney General, Boise, for respondent. Karen A. Hudelson argued.

PERRY, Chief Judge.

David Juhl Cox appeals from his judgment of conviction for possession of methamphetamine. Cox argues the district court erred when it denied his motion to suppress. Cox argued the district court should suppress evidence seized from him during a frisk. We affirm.

## I.

## BACKGROUND

On October 16, 1999, two officers responded to a suspicious activity call at a motel. When the officers knocked on the door of one of the rooms, a man answered and, in response to questioning by officers, claimed to be the sole occupant of the room. Officers requested permission to enter the room to confirm that no other individuals were present. The man consented and the officers entered the room. Upon entry, the officers noticed what appeared to be methamphetamine in plain view. Based on this observation, officers arrested the man. During the arrest, the man resisted and was later charged with aggravated assault on a law enforcement officer. After the man was secured, one officer transported him to the jail while the other remained behind to search the room and collect evidence. During the search of the room, the remaining officer found a large, unsheathed knife on one of the beds and some mail on a nearby windowsill addressed to Cox. Cox was not the man who had just been arrested.

The remaining officer was returning to his car to retrieve some evidence bags when a vehicle pulled into the motel parking lot. The officer approached the vehicle and noticed a female driver, a male passenger, and a young female passenger. The officer spoke with the male passenger, addressing him as Cox. The passenger acknowledged that he was Cox. The officer explained to Cox why he was at the motel and what had transpired with the man in the motel room. The officer then asked Cox to step out of the vehicle so he could frisk Cox for weapons. Cox complied and during the frisk, the officer felt a hard, rectangular object in Cox's right front pants pocket. The object measured approximately three or four inches long, three inches across, and three-quarters of an inch thick. The officer asked Cox if the officer could

remove the item from Cox's pocket, and Cox told the officer that he could.

Upon its removal, the officer recognized the item as being a box that typically holds scales. The officer asked Cox if the box contained a set of scales, and Cox replied that it did. The officer opened the box and observed a set of scales covered with a large quantity of powdery substance, which the officer recognized as methamphetamine. Cox was then placed under arrest.

Cox was charged with possession of methamphetamine. I.C. § 37-2732(c). Cox filed a motion to suppress, arguing that the frisk was illegal and that all evidence seized as a result of the frisk should be suppressed. The district court denied the motion. Cox then entered a conditional guilty plea, reserving his right to appeal the district court's denial of his suppression motion. The district court entered a judgment of conviction and sentenced Cox to a five-year determinate term. Cox appeals. The state also asserts that the district court erred in excluding certain testimony at the suppression hearing on the basis that it was hearsay.

## II.

## ANALYSIS

### A. Hearsay Testimony

Before we discuss Cox's arguments, we must address the state's contention that the district court erred when it excluded a portion of the officer's testimony at the suppression hearing. The officer testified that, when he returned to his car to get evidence bags, the motel manager approached him and told him that the male passenger in the vehicle entering the parking lot was the same person who had rented the motel room. Counsel for Cox objected on the grounds that the motel manager's statement was hearsay. The district court sustained the objection on that basis.

The trial court has broad discretion in determining the admissibility of testimonial evidence. A decision to admit or deny such evidence will not be disturbed on appeal absent a clear showing of abuse of that discretion. *State v. Smith*, 117 Idaho 225, 232, 786 P.2d 1127, 1134 (1990). Hearsay is defined as "a statement, other than one made

by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." I.R.E. 801(c); *State v. Gomez*, 126 Idaho 700, 704, 889 P.2d 729, 733 (Ct.App.1994). Upon our review of the proffered testimony, we conclude that it was not offered to prove the truth of the matter asserted, but instead offered to show the effect that the statement had on the officer. It was the motel manager's statement that prompted the officer to approach the car and address the male passenger as Cox. The evidence was also admissible to show that the officer reasonably believed that Cox was the renter of the motel room for purposes of determining whether there was reasonable suspicion to stop and frisk Cox and probable cause to arrest him. Because the motel manager's statement was not offered for the truth of the matter asserted, the district court erred when it excluded the statement as hearsay. We therefore will consider the statement in review of the totality of the circumstances as known to the officer and his conduct in relation thereto.

### B. Motion to Suppress

Cox presents three arguments on appeal asserting that the district court abused its discretion in denying the suppression motion. First, Cox argues that the frisk was unlawful. Next, he contends that his consent for the officer to remove the item from his pants pocket was given involuntarily. Finally, Cox asserts that the officer violated Cox's constitutional right to be free from unreasonable searches and seizures by opening the box.

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact which are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct.App.1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez–Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997

(1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct.App.1999).

▆▆▆▆ Cox contends the frisk was unlawful because the officer could not point to any specific and articulable facts that would lead a reasonable person to conclude that Cox was armed or dangerous. Rather, the officer testified at the suppression hearing that Cox was cooperative throughout their encounter. A warrantless search is presumptively unreasonable unless it falls within certain special and well-delineated exceptions to the warrant requirement. *Coolidge v. New Hampshire*, 403 U.S. 443, 454–55, 91 S.Ct. 2022, 2031–32, 29 L.Ed.2d 564 (1971); *State v. Ferreira*, 133 Idaho 474, 479, 988 P.2d 700, 705 (Ct.App. 1999). In *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), the United States Supreme Court created a stop-and-frisk exception to the Fourth Amendment warrant requirement. The stop and the frisk constitute two independent actions, each requiring a distinct and separate justification. *State v. Babb*, 133 Idaho 890, 892, 994 P.2d 633, 635 (Ct.App.2000); *State v. Fleenor*, 133 Idaho 552, 556, 989 P.2d 784, 788 (Ct.App. 1999).

▆▆▆▆ The stop is justified if there is a reasonable and articulable suspicion that the individual has committed or is about to commit a crime. *Florida v. Royer*, 460 U.S. 491, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983); *Terry*, 392 U.S. at 30, 88 S.Ct. at 1884, 20 L.Ed.2d at 911; *State v. DuValt*, 131 Idaho 550, 553, 961 P.2d 641, 644 (1998); *Ferreira*, 133 Idaho at 479, 988 P.2d at 705. However, merely because there are reasonable grounds to justify a lawful investigatory stop, such grounds do not automatically justify a frisk for weapons. *Babb*, 133 Idaho at 892, 994 P.2d at 635. An officer may frisk an individual if the officer can point to specific and articulable facts that would lead a reasonably prudent person to believe that the individual with whom the officer is dealing may be armed and presently dangerous and nothing in the initial stages of the encounter serves to dispel this belief. *Terry*, 392 U.S. at 27, 88 S.Ct. at 1884, 20 L.Ed.2d at 909; *Babb*, 133 Idaho at 892, 994 P.2d at 635; *Fleenor*, 133 Idaho at 555, 989 P.2d at 787. In our analysis of a frisk, we look to the facts known to the officer on the scene and the inferences of risk of danger reasonably drawn from the totality of those specific circumstances. *Babb*, 133 Idaho at 892, 994 P.2d at 635; *Fleenor*, 133 Idaho at 555, 989 P.2d at 787. *See also State v. Muir*, 116 Idaho 565, 567–68, 777 P.2d 1238, 1240–41 (Ct.App.1989).

In this case, after being informed that the man in an approaching vehicle was the same man who had rented the motel room in question, the officer approached the vehicle Cox was riding in and sought to ascertain whether the male passenger was Cox. Cox confirmed his identity and agreed to step out of the car. At that point, the officer was alone and knew that he was speaking to a man who had rented a motel room that contained illegal drugs and that was the scene of a recent felony arrest. The man who was present in the room when officers responded to the motel had also been cooperative at first, but had later resisted arrest and assaulted the officer. After the other man's arrest, the officer searched the room and found a large, unsheathed knife not far from several items of mail with Cox's name on them. We conclude that the officer testified to a number of specific and articulable facts that would lead a reasonably prudent person to believe that Cox may be armed or dangerous.

▆▆▆▆ Cox next contends that the consent to remove the item from his pocket was given involuntarily because it was obtained as a result of the exploitation of an illegal frisk. Consent is an established exception to the warrant and probable cause requirements. *State v. Whiteley*, 124 Idaho 261, 264, 858 P.2d 800, 803 (Ct.App.1993). The state must show that the consent was free and voluntary and not a result of duress or coercion, either direct or implied. *Id.* The voluntariness of a defendant's consent to search is to be determined in light of all of the circumstances. *Id.*

We have already concluded that the frisk was not unlawful and, therefore, Cox's argument that his consent was obtained by exploiting the illegal frisk fails. Furthermore, at the evidentiary hearing, Cox did not refute the officer's testimony that when he felt the object in Cox's pocket, he asked Cox if he could remove it and Cox consented. Therefore, we conclude that the district court did not err in finding that the totality of circum-

stances indicated Cox's consent to remove the item from his pocket was given freely and voluntarily.

 Finally, Cox asserts that in opening the box, the officer violated Cox's right to be free from warrantless searches and seizures because the officer knew that the box contained scales and, therefore, he could not have a reasonable belief that a weapon could be hidden in the box. The district court held that the officer had the right to look inside the box to make sure that it did not contain a weapon, such as a razor blade or syringe. Cox and the state continue to argue on appeal whether the box was large enough to contain a weapon. We need not reach the issue of whether the box was large enough to contain a weapon because we hold that probable cause existed for the officer to arrest Cox and, therefore, examination of the box's contents was part of a lawful search incident to arrest.

 A search incident to a valid arrest is a recognized exception to the warrant requirement, and thus does not violate the Fourth Amendment proscription against unreasonable searches. *Chimel v. California*, 395 U.S. 752, 762–63, 89 S.Ct. 2034, 2039–40, 23 L.Ed.2d 685, 693–94 (1969); *State v. Moore*, 129 Idaho 776, 781, 932 P.2d 899, 904 (Ct.App.1996). Pursuant to this exception, the police may search an arrestee incident to a lawful custodial arrest. *United States v. Robinson*, 414 U.S. 218, 235, 94 S.Ct. 467, 476–77, 38 L.Ed.2d 427, 440 (1973); *Moore*, 129 Idaho at 781, 932 P.2d at 904; *State v. Shepherd*, 118 Idaho 121, 122, 795 P.2d 15, 16 (Ct.App.1990). "The permissible scope and purpose of a search incident to an arrest is not limited to the removal of weapons but includes the discovery and seizures of evidence of crime and articles of value which, if left in the arrestee's possession, might be used to facilitate his escape." *Moore*, 129 Idaho at 781, 932 P.2d at 904. The Idaho Supreme Court has also recognized that as long as probable cause exists to arrest a person, a valid search incident to arrest can be conducted prior to the arrest. *See State v. Schwarz*, 133 Idaho 463, 468, 988 P.2d 689, 694 (1999).

In the present case, Cox's admission that the box contained scales, the methamphet-amine and mail addressed to Cox found in the motel room, and the statement of the motel manager that Cox had rented the room, provided the officer with probable cause to arrest Cox for possession of drug paraphernalia. Given the existence of probable cause for Cox's arrest, we conclude that the officer's opening of the box removed from Cox's pocket was a valid search incident to arrest.

### III.

### CONCLUSION

The district court erred in excluding a portion of the officer's testimony as hearsay. The frisk of Cox was lawful because the officer could point to specific and articulable facts that would lead a reasonable person to conclude that Cox may be armed or dangerous. The totality of the circumstances indicate that Cox freely and voluntarily gave the officer consent to remove a box from his pocket. Cox's admission that the box contained scales, when considered with other recent observations made by the officer, gave the officer probable cause to arrest Cox for possession of paraphernalia. Therefore, the officer's act of opening the box after removing it from Cox's pocket was a valid search incident to arrest. Thus, the district court did not err in denying Cox's motion to suppress. Therefore, Cox's judgment of conviction for possession of methamphetamine is affirmed.

Judge LANSING and Judge GUTIERREZ, concur.