108 P.3d 434

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Shane Ryder McDONALD, Defendant–Appellant.**

No. 30563.

Court of Appeals of Idaho.

Feb. 23, 2005.

Alan E. Trimming, Ada County Public Defender; Deborah L.B. Eliasen, Deputy Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Melissa Nicole Moody, Deputy Attorney General, Boise, for respondent.

LANSING, Judge.

Shane Ryder McDonald appeals from the appellate order of the district court affirming the judgment of conviction entered after a jury found McDonald guilty of misdemeanor driving under the influence. McDonald contends that the magistrate court erred in the admission at trial of certain testimonial evidence that McDonald characterizes as hearsay. We hold that the testimony was not hearsay, and we therefore affirm.

### I.

### FACTUAL AND PROCEDURAL BACKGROUND

McDonald was stopped by Boise police officers for failing to signal before turning. After noticing an odor of alcohol, the officers decided to investigate whether McDonald was driving under the influence. Officer Richards, an officer in training, administered several field sobriety tests under the supervision of his training officer, Officer Hancuff. After failing the field sobriety tests, McDonald was taken to the police station where he refused to provide a breath sample. McDonald was charged with misdemeanor driving under the influence, Idaho Code § 18–8004.

district court's order denying Gibson's motion to suppress cannot be affirmed on that ground.

By the time of McDonald's trial, Officer Richards was no longer with the Boise City Police Department, and he was not called to testify. Rather, the prosecutor presented evidence concerning the field sobriety tests through Officer Hancuff. McDonald made a hearsay objection to Officer Hancuff's testimony about Officer Richards' instructions to McDonald for the field sobriety tests. The following is an example of the challenged testimony:

Q: How was the test performed on Mr. McDonald that evening?

A: It was—initially, the subject was placed in the position, instructed to look at a stimulus, instructed how to submit to this test, specifically, holding his head stationary and watching the stimulus as it went—

. . . .

Q: Did Officer Richards comply with the standardized practice . . . of instructions with regard to the horizontal gaze nystagmus test?

. . . .

THE WITNESS: Yes.

The trial court overruled McDonald's hearsay objection and the evidence was admitted. The jury ultimately found McDonald guilty of the charged offense. McDonald appealed to the district court, which affirmed. McDonald now further appeals, challenging only the admission of Officer Hancuff's testimony regarding Officer Richards' administration of the field sobriety tests.

## II.

## ANALYSIS

McDonald argues that the testimony that Officer Richards properly instructed McDonald when administering the field sobriety tests was hearsay because Hancuff was testifying about words uttered by Officer Richards. McDonald points out that Idaho Rule of Evidence 802, requiring the exclusion of hearsay, cannot be avoided merely by having the witness give a summary of the out-of-court statement or convey the substance or purport of the statement rather than relating the details of the statement. *See State v. Agundis,* 127 Idaho 587, 596–97, 903 P.2d 752, 761–62 (Ct.App.1995); *State v.*

*Gomez,* 126 Idaho 700, 704, 889 P.2d 729, 733 (Ct.App.1994).

McDonald's position lacks merit, however, because instructions are not hearsay. Hearsay is defined in I.R.E. 801(c) as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." *See also State v. Cox,* 136 Idaho 858, 861, 41 P.3d 744, 747 (Ct.App. 2002); *Gomez,* 126 Idaho at 704, 889 P.2d at 733. A "statement" is defined as an oral or written *assertion* or nonverbal conduct intended as an *assertion.* I.R.E. 801(a); *State v. Salinas,* 134 Idaho 362, 365, 2 P.3d 747, 750 (Ct.App.2000). It follows then, that to constitute hearsay, an utterance must first be an assertion of fact and second, it must be offered for the purpose of proving the truth of that asserted fact. *Salinas,* 134 Idaho at 365, 2 P.3d at 750; *Gomez,* 126 Idaho at 704, 889 P.2d at 733. These criteria reflect the purpose of the hearsay rule, which is to assure that testimony presenting assertions can be tested by cross-examination of the person making the assertion. *See State v. McPhie,* 104 Idaho 652, 655, 662 P.2d 233, 236 (1983); *Isaacson v. Obendorf,* 99 Idaho 304, 309, 581 P.2d 350, 355 (1978).

In the present case, the challenged testimony was not hearsay because Officer Richards' verbal directions to McDonald were not assertions of fact and could not be offered "to prove the truth of the matter asserted." We agree with the State's cogent analysis:

The statements made by Officer Richards, which were never repeated directly, but can be inferred from Officer Hancuff's testimony, are something along the lines of "watch this pen" or "watch this light" or "keep your head still" or "don't move your head while you watch the pencil." Whatever the statements, the prosecution was clearly not trying to prove the "truth" of their content because such instructional statements are without truth-value. The statement "watch this pen" can never be *true* in the sense of the prohibition against hearsay. It is not a declarative statement, such as "her coat was red," or "that man stole my purse." It is a command or

request, incapable of being proved true or false.

Accordingly, Officer Hancuff's testimony was not hearsay and was properly admitted by the trial court.

McDonald also contends that the admission of Officer Hancuff's testimony was violative of the Sixth Amendment's Confrontation Clause because McDonald was unable to confront and cross-examine Officer Richards. This argument fails for the same reason that McDonald's hearsay challenge fails—there were no assertions of fact in Officer Richards' instructions to McDonald that were being used against McDonald in the criminal prosecution. The Confrontation Clause provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." According to the United States Supreme Court, this Clause was intended to exclude the use of some hearsay evidence at trial. *Ohio v. Roberts,* 448 U.S. 56, 63, 100 S.Ct. 2531, 2537, 65 L.Ed.2d 597, 606 (1980). The Supreme Court has stated that "the Confrontation Clause reflects a preference for face-to-face confrontation at trial, and that 'a primary interest secured by [the provision] is the right of cross-examination.' " *Id.* Officer Hancuff's testimony was not being used to convey to the jury information or knowledge purportedly held by Officer Richards, the truth of which could be best tested by a cross-examination of Officer Richards. Because Officer Richards was not used indirectly as a "witness" against McDonald, there was no violation of McDonald's constitutional right to confront witnesses against him.

The magistrate court did not err in admitting an officer's testimony that another officer correctly instructed McDonald on how to perform the field sobriety tests. Accordingly, the order of the district court, affirming the judgment of conviction entered in the magistrate court, is affirmed.

Chief Judge PERRY and Judge GUTIERREZ concur.