**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42553**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2015 Unpublished Opinion No. 766** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: December 24, 2015** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **JONATHAN ALAN HILL,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County. Hon. Jay P. Gaskill, District Judge.

Judgment of conviction, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Eric D. Fredericksen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Nichole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Jonathan Alan Hill appeals from his judgment of conviction for felony driving under the influence. He argues the district court abused its discretion by admitting hearsay testimony regarding vertical nystagmus testing and blood alcohol content. He also argues that the State committed prosecutorial misconduct under the fundamental error doctrine for using this testimony during trial and in closing argument. For the reasons set forth below, we affirm the judgment of conviction.

**I.**

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On a snowy night in the hills of Nez Perce County, Hill was driving with friends when he was stopped by law enforcement officers because the taillights of his vehicle were not illuminated. The area in which Hill was driving borders both Lewis County and Nez Perce

1

County, and both counties deployed sheriff's deputies to respond to a report of a juvenile party. While traveling to the location of the reported party, the Lewis County deputies observed Hill's vehicle. These deputies initiated the traffic stop at the request of the Nez Perce County Sheriff's Department because the Nez Perce County deputy was still en route to the area. During the traffic stop, a Lewis County deputy smelled the odor of an alcoholic beverage coming from within the vehicle, observed that Hill's eyes were bloodshot and glassy, and noticed that Hill had slurred speech when speaking with the deputy. The Lewis County deputy contacted the Nez Perce County Sheriff's Department who requested that the deputy begin the DUI investigation. After conducting three field sobriety tests (FSTs), the Lewis County deputy determined that Hill was impaired. Hill had failed the walk-and-turn test and the one-leg-stand test. Further, the horizontal gaze nystagmus (HGN) test showed that Hill had both horizontal and vertical nystagmus, additional indicators of impairment.

When the Nez Perce County deputy arrived at the scene, he placed Hill in the backseat of the patrol car and informed Hill of his right to participate in an evidentiary test (a breath test) and the possible consequences for failure to participate in the test. Hill declined to take the breath test. Hill informed the deputy that he had not consumed alcohol and that the FSTs were not properly conducted because the ground was snow covered and slick, and because he was wearing bulky clothes and boots. Hill was arrested for driving under the influence and transported to the Nez Perce County Jail.

During the jury trial, the Lewis County deputy testified about the process of conducting the FSTs, including the HGN test for both horizontal and vertical nystagmus. The following testimony is at issue on appeal:

> STATE: Okay. And so what is the horizontal gaze nystagmus field sobriety test?
> DEPUTY: Do you want me to explain how we do it?
> STATE: Yes, please.
> DEPUTY: (Description of how the test is performed.) And if they have vertical nystagmus, we were taught in the academy that it's generally an indication--
> DEFENSE: Objection. Hearsay.
> COURT: Overruled. You can continue. You can continue, I'm sorry.
> DEPUTY: Okay. We are taught in the academy that if--if it's vertical nystagmus, it's generally an indicator of over a certain level, which is generally .10, is what I was taught.

STATE:       And so if--during your observations, if you do observe nystagmus, what does that indicate to you?

DEPUTY:  Generally, impairment.

Also, at issue on appeal is a statement made by the prosecutor during closing argument. The prosecutor argued:

> [T]here was also vertical nystagmus.  And he testified that when the eye goes up, there's also the possibility that the eye would bounce at vertical nystagmus as well.  And the officer told you what vertical nystagmus means.  And he testified that it meant that the defendant had over a .10 blood alcohol content.  That's just another piece of the puzzle that you have in this case.

The jury returned a guilty verdict, and Hill was convicted of felony driving under the influence and sentenced to a unified sentence of ten years, with three years determinate.  He was ordered to serve a period of retained jurisdiction, and after successfully completing the period of retained jurisdiction, he was placed on supervised probation.  Hill appeals.

## II.

## ANALYSIS

### A.    The Hearsay Objection

Hill argues that the district court erred in overruling his hearsay objection and allowing the deputy's testimony regarding the vertical nystagmus and corresponding blood alcohol content.  The trial court has broad discretion in determining the admissibility of evidence.  *State v. Harris*, 141 Idaho 721, 724, 117 P.3d 135, 138 (Ct. App. 2005).  A decision to admit or deny such evidence will not be disturbed on appeal absent a clear showing of abuse of that discretion.  *Id*.  When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine:  (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason.  *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

Hearsay is defined as a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.  I.R.E. 801(c); *State v. Gomez*, 126 Idaho 700, 704, 889 P.2d 729, 733 (Ct. App. 1994).  Hearsay is inadmissible unless otherwise provided by an exception in the Idaho Rules of Evidence or other rules of the

Idaho Supreme Court. I.R.E. 802. In determining whether evidence is hearsay we look to the following test:

> A "statement" is defined as an oral or written *assertion* or nonverbal conduct intended as an *assertion.* It follows then, that to constitute hearsay, an utterance must first be an assertion of fact and second, it must be offered for the purpose of proving the truth of that asserted fact. These criteria reflect the purpose of the hearsay rule, which is to assure that testimony presenting assertions can be tested by cross-examination of the person making the assertion.

*State v. McDonald*, 141 Idaho 287, 288, 108 P.3d 434, 435 (Ct. App. 2005) (internal citations omitted).

In this case, the deputy's testimony was hearsay and was improperly admitted. The deputy testified about an out-of-court statement, his assertion about what he was taught at the police academy, and this testimony was relied upon by the State for the truth of the matter asserted--that the presence of vertical nystagmus indicated a blood alcohol level of .10 or greater. The district court overruled the objection and erred in allowing this testimony to be admitted.

Error is not reversible unless it is prejudicial. *State v. Stoddard*, 105 Idaho 169, 171, 667 P.2d 272, 274 (Ct. App. 1983). With limited exceptions, even constitutional error is not necessarily prejudicial error. *Id.* Thus, we examine whether the alleged error complained of in the present case was harmless. *See State v. Lopez*, 141 Idaho 575, 578, 114 P.3d 133, 136 (Ct. App. 2005). When the error involves an incorrect ruling as to the admission of evidence, relief will only be granted when a substantial right of one of the parties is affected. *State v. Ehrlick*, 158 Idaho 900, 912, 354 P.3d 462, 474 (2015); *State v. Shackelford*, 150 Idaho 355, 363, 247 P.3d 582, 590 (2010).

> Whether an error affected substantial rights in a particular case depends upon a host of factors, including the importance of the witness' testimony to the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross-examination otherwise permitted, and the overall strength of the prosecution's case.

*Shackelford*, 150 Idaho at 366, 247 P.3d at 593 (citing *State v. Hooper*, 145 Idaho 139, 146, 176 P.3d 911, 918 (2007)). If a substantial right has not been affected by the error, such error is harmless. *Ehrlick*, 158 Idaho at 911, 354 P.3d at 473. To establish harmless error, the State must prove "beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." *State v. Perry*, 150 Idaho 209, 221, 245 P.3d 961, 973 (2010) (quoting *Chapman v. California*, 386 U.S. 18, 24 (1967)).

Here, although the testimony may have been important to the prosecutor's case, there was other evidence presented which corroborated the deputy's testimony, the officer was subject to cross-examination and the prosecutor's case was relatively strong even without the erroneously admitted testimony. The deputy testified as to the other failed FSTs, including the HGN test, one-leg-stand test, and the walk-and-turn test. Finally, both the Lewis County deputy and the Nez Perce County deputy testified that Hill smelled of alcohol and that Hill had slurred speech and bloodshot, glassy eyes. As such, we conclude beyond a reasonable doubt that this testimony did not contribute to the verdict obtained. The admission of the hearsay evidence was harmless error, because it did not affect a substantial right of Hill.

## B.    Prosecutorial Misconduct

On appeal, Hill argues that the State committed prosecutorial misconduct by utilizing the vertical nystagmus testimony both in its case-in-chief and in closing argument. Hill made no contemporaneous objection to the prosecutor's closing argument at trial, and so we must examine this issue under the fundamental error doctrine. In *Perry*, the Idaho Supreme Court clarified the fundamental error doctrine as it applies to allegations of prosecutorial misconduct. If the alleged misconduct was not followed by a contemporaneous objection, an appellate court should reverse when the defendant persuades the court that the alleged error: (1) violates one or more of the defendant's unwaived constitutional rights; (2) is clear or obvious without the need for reference to any additional information not contained in the appellate record; and (3) affected the outcome of the trial proceedings. *Perry*, 150 Idaho at 226, 245 P.3d at 978.

While our system of criminal justice is adversarial in nature, and the prosecutor is expected to be diligent and leave no stone unturned, he or she is nevertheless expected and required to be fair. *State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007). However, in reviewing allegations of prosecutorial misconduct we must keep in mind the realities of trial. *Id.* A fair trial is not necessarily a perfect trial. *Id.* While a prosecutor's role during trial is to vigorously present the government's case, "the desire for success should never induce a prosecutor to obtain a verdict by argument based upon anything except the evidence in the case and the conclusions legitimately deducible from the law applicable to the same." *State v. Troutman*, 148 Idaho 904, 908, 231 P.3d 549, 553 (Ct. App. 2010). The role of a closing argument is to "enlighten the jury and help the jurors remember and interpret the evidence." *State v. Iverson*, 155 Idaho 766, 771, 316 P.3d 682, 687 (Ct. App. 2014). A prosecutor is granted

5

considerable latitude during closing arguments and has the right to discuss inferences arising from the evidence, but the prosecutor may not misrepresent or mischaracterize the evidence. *State v. Johnson*, 149 Idaho 259, 266-67, 233 P.3d 190, 197-98 (Ct. App. 2010). However, the comments and arguments of the parties are not evidence, and when the jury is so instructed, we presume that the jury follows the court's instructions. *State v. Moses*, 156 Idaho 855, 871, 332 P.3d 767, 783 (2014).

Hill argues that the State committed prosecutorial misconduct by eliciting improper testimony and by emphasizing that testimony in closing argument. Hill further argues that this amounts to fundamental error under the *Perry* analysis because the record shows that this testimony and argument violated his constitutional right to a fair trial and affected the outcome of the trial proceedings because he was found guilty of driving under the influence.

At issue is the testimony and argument regarding the correlation between a positive vertical nystagmus field sobriety test and a person's blood alcohol content. The Idaho Supreme Court has established the validity of the HGN field sobriety test and the use of the HGN test to aid law enforcement in determining whether a driver might be impaired in violation of Idaho law. However, the Supreme Court has limited the use of the results of an HGN test by holding that "the theory underlying the HGN test is sound, but HGN test results may only be used to draw certain inferences. As circumstantial evidence of intoxication, a positive HGN test result alone is not evidence of a certain degree of blood alcohol content." *State v. Garrett*, 119 Idaho 878, 882, 811 P.2d 488, 492 (1991). Therefore, in the absence of an accompanying chemical analysis for blood or breath alcohol content, the HGN field sobriety test cannot be used at trial to establish blood alcohol content in support of a conviction for a driving under the influence conviction. *Id*. In a subsequent case, the Supreme Court confirmed the holding in *Garrett*, stating that HGN test evidence may be used "only in conjunction with evidence from other field sobriety tests, and [*Garrett*] permits the arresting officer to testify only that nystagmus *may be* an indicator of intoxication, not that it is conclusive evidence." *State v. Gleason*, 123 Idaho 62, 66, 844 P.2d 691, 695 (1992) (emphasis in original). However, the admissibility of this evidence is limited, and the State is forbidden from using this evidence to "establish or infer any particular correlative BAC level, because nystagmus does stem from causes other than the ingestion of alcohol." *Id*.

In *Garrett*, despite the improper testimony, the defendant's conviction was affirmed due to the additional evidence of impairment, including evidence that the defendant failed the walk-and-turn and one-leg-stand tests. The Court stated, "[g]iven the other evidence of intoxication, the court's error did not so contribute to the verdict as to leave us with a reasonable doubt that the jury would have reached the same result had the error not occurred." *Garrett*, 119 Idaho at 882, 811 P.2d at 492. The same result occurred in *Gleason* and the Court held that despite the improper testimony, there was sufficient evidence of impairment, including failed FSTs, that supported the driving under the influence conviction.

In order to obtain the relief requested on appeal, Hill must show that the vertical nystagmus testimony admitted during trial and argued by the State in closing argument violated an unwaived constitutional right. Here, Hill asserts that right to be the constitutional right to a fair trial. While the deputy's testimony indicated that there is a correlation between the presence of the vertical nystagmus and a specific blood alcohol level, this testimony was not specifically elicited by the State and the admission of the testimony cannot be deemed to be prosecutorial misconduct sufficient to violate the defendant's right to a fair trial. In addition, despite the hearsay testimony, the deputy did not offer an opinion as to Hill's specific BAC but instead, limited his testimony to what was learned at the academy: the presence of vertical nystagmus is an indicator of impairment. The deputy also testified as to the other failed FSTs, including the HGN test, one-leg-stand test, and the walk-and-turn test. Finally, both the Lewis County deputy and the Nez Perce County deputy testified that Hill smelled of alcohol and that Hill had slurred speech and bloodshot, glassy eyes. There was sufficient and competent evidence presented to the jury that Hill was impaired even without the testimony about the correlation between nystagmus and blood alcohol content. In addition, Hill presented a vigorous defense with a number of witnesses who had been present that evening and the jury found there was sufficient evidence to convict Hill of driving under the influence. The State did not commit prosecutorial misconduct in violation of the defendant's constitutional rights when the deputy offered the unsolicited testimony regarding vertical nystagmus.

Finally, the State is granted considerable latitude in closing arguments, and while the argument about the vertical nystagmus and blood alcohol content violates the rule from *Garrett* and *Gleason*, closing arguments are not evidence upon which a jury can rely in rendering a verdict. The record shows that the jury was instructed that the comments and arguments of the

7

parties were not evidence, and we presume the jury followed the court's instructions.   Hill has not met his burden to show that the conduct of the State rose to the level of prosecutorial misconduct in violation of an unwaived constitutional right and thus, Hill has not met his burden under the first prong of the *Perry* analysis.

## III.
### CONCLUSION

The district court erred in admitting hearsay testimony, but that error was harmless and did not affect the outcome of the trial.   In addition, Hill has failed to meet his burden under the first prong of *Perry* to demonstrate that the State or the district court violated an unwaived constitutional right.   Based on the foregoing, Hill's judgment of conviction for driving under the influence is affirmed.

Chief Judge MELANSON and Judge GRATTON **CONCUR**.