994 P.2d 633

STATE of Idaho, Plaintiff-Appellant,

v.

Lawrence Ray BABB, Defendant-Respondent.

No. 25479.

Court of Appeals of Idaho.

Feb. 9, 2000.

Hon. Alan G. Lance, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for appellant. Kenneth K. Jorgensen argued.

Ronaldo A. Coulter, Appellate Public Defender; Sara B. Thomas, Deputy Public Defender, Boise, for respondent. Sara B. Thomas argued.

PERRY, Chief Judge.

The state appeals from the district court's order granting Lawrence Ray Babb's motion for judgment of acquittal. For the reasons set forth below, we affirm.

## I.

## BACKGROUND

On October 27, 1998, two officers were dispatched to a reported family fight at an apartment complex in Moscow, Idaho. Within minutes, the officers arrived at the designated apartment. The resident informed the officers that he had just been in a fight with Babb, that Babb had threatened to "kick [the resident's] ass," and that Babb had just left. The resident requested that the officers not press charges against Babb, but only advise him not to return to the apartment. The officers then went to a nearby apartment where Babb had reportedly gone. The officers knocked on the door, and someone other than Babb answered. One officer, who was previously acquainted with Babb, saw Babb sitting on a couch and motioned for him to exit the apartment. After Babb exited, he was immediately frisked by the other officer for weapons. During the frisk, a pill bottle containing methamphetamine was discovered.

Babb was charged with possession of a controlled substance. I.C. § 37–2732(c)(1). Babb filed a pre-trial motion to suppress, which was denied by the district court. During the trial, Babb again motioned the district court to suppress the evidence. Rather than suppressing the evidence during the trial, which would have resulted in Babb

avoiding conviction if the decision to suppress were in error, the district court took Babb's motion to suppress under advisement and allowed the case to proceed. The jury rendered a guilty verdict. Babb then moved for a judgment of acquittal. Based upon evidence presented at trial, the district court concluded that Babb's motion to suppress had been erroneously denied. Therefore, the district court granted the motion for judgment of acquittal. The state appeals.

## II.

## ANALYSIS

■ In reviewing the grant or denial of a motion for judgment of acquittal, we must independently consider the evidence in the record and determine whether a reasonable mind would conclude that the defendant's guilt as to each material element of the offense was proven beyond a reasonable doubt. *State v. Hamilton,* 129 Idaho 938, 941, 935 P.2d 201, 204 (Ct.App.1997). In the instant case, the district court granted the judgment of acquittal based upon its determination that the evidence of methamphetamine should have been suppressed. The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that were supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson,* 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct.App.1996).

■ On appeal, the state argues that the district court erred in determining that the officers unlawfully searched Babb and that the evidence of methamphetamine found on his person should not have been suppressed. A search without a warrant is per se unreasonable unless it falls within one of the exceptions to the Fourth Amendment warrant requirements. *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); *State v. Ferreira,* 133 Idaho 474, 988 P.2d 700, 705 (Ct.App.1999). In *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), the United States Supreme Court created a stop-and-frisk exception to the Fourth Amendment warrant

requirement. The stop and the frisk constitute two independent actions, each requiring a distinct and separate justification. *State v. Fleenor,* 133 Idaho 552, 989 P.2d 784, 788 (Ct.App.1999).

■ A police officer may stop or temporarily detain an individual for investigative purposes so long as the officer is aware of facts which allow him or her to reasonably conclude "in light of his [or her] experience that criminal activity may be afoot." *Terry,* 392 U.S. at 30, 88 S.Ct. 1868. The stop is justified if there is a reasonable and articulable suspicion that the individual has committed or is about to commit a crime. *Florida v. Royer,* 460 U.S. 491, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983); *State v. DuValt,* 131 Idaho 550, 553, 961 P.2d 641, 644 (1998); *Ferreira,* 133 Idaho at 479, 988 P.2d at 705. However, merely because there are reasonable grounds to justify a lawful investigatory stop, such grounds do not automatically justify a frisk for weapons. 68 AM. JUR.2d *Searches and Seizures* § 78 (1993); *see also Fleenor,* 133 Idaho at 556, 989 P.2d at 788. A police officer may frisk an individual so long as "a reasonably prudent [person] in the circumstances would be warranted in the belief that his [or her] safety or that of others was in danger." *Terry,* 392 U.S. at 27, 88 S.Ct. 1868; *see also Fleenor,* 133 Idaho at 555, 989 P.2d at 787. An officer may frisk an individual if the officer can point to specific and articulable facts that would lead a reasonably prudent person to believe that the individual with whom the officer is dealing may be armed and presently dangerous and nothing in the initial stages of the encounter serves to dispel this belief. *Fleenor,* 133 Idaho at 555, 989 P.2d at 787. In our analysis of a frisk, we look to the facts known to the officer on the scene and the inferences of risk of danger reasonably drawn from the totality of those specific circumstances. *Id.*

■ The lawfulness of Babb's detention is not challenged on appeal. Consequently, this Court must determine only whether the officers were justified in their frisk of Babb. The district court determined that the state had failed to show that the officers reasonably believed that Babb was potentially armed and dangerous, explaining that "there

was absolutely no showing that suggested [Babb] might be armed." On appeal, the state asserts that the officers had reason to believe that Babb may have been armed and dangerous because Babb had been in a fight approximately ten minutes before the officers contacted him, was nervous when confronted by the officers, and had previously threatened the resident.

The district court found that the state had failed to show that Babb was potentially armed and dangerous. Although the evidence shows that Babb had threatened the resident, it also shows that the officers had no reason to believe that Babb posed any danger to them when they contacted him. The officers found Babb sitting on a couch, and he fully complied with the officers' requests. Officer Lawrence, who was acquainted with Babb from previous encounters, testified that he didn't remember ever investigating Babb for possible violence and that Babb had never before resisted contact with officers. During the trial, Babb asked officer Lawrence, "So, as Mr. Babb approached you in the doorway, you had no reason to believe that he had a weapon that he was going to use against you, did you?" Officer Lawrence responded, "I had no reason to believe that, no." Officer Everly testified that he had not seen any evidence that a weapon had been used in the fight. During the trial, Babb asked officer Everly, "So you didn't see anything that Mr. Babb did that would indicate to you that he had a weapon on him, did you?" Officer Everly responded, "No, sir, I didn't."

This Court will not substitute its view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *State v. Flowers*, 131 Idaho 205, 207, 953 P.2d 645, 647 (Ct.App.1998). The district court's finding that the state failed to show that Babb was potentially armed and dangerous is supported by substantial evidence. Therefore, upon review, we conclude that the district court correctly determined that the frisk of Babb was not justified.

Accordingly, we affirm the district court's grant of Babb's motion for judgment of acquittal.

Judge SCHWARTZMAN, and Judge Pro Tem HORTON, concur.