**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43748**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Unpublished Opinion No. 665** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: August 31, 2016** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **LEO PHILIP BONNER,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Cynthia K. C. Meyer, District Judge.

Order denying motion to suppress, affirmed.

Eric D. Fredericksen, Interim State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Leo Philip Bonner appeals from the district court's order denying his motion to suppress. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Officer Mortensen of the Coeur d'Alene Police Department stopped a vehicle for failing to come to a complete stop before leaving a business parking lot. Bonner was one of two passengers in the vehicle. Upon making contact with the vehicle's occupants, Officer Mortensen detected the odor of marijuana. He also observed a pocket knife in the center console. Officer Mortensen collected identification information from the vehicle's occupants, returned to his vehicle, and requested assistance from another officer.

1

The second officer arrived and Officer Mortensen asked the driver and the first passenger to exit the vehicle; both men complied and Officer Mortensen conducted a frisk of each man as he exited. As the driver exited the vehicle, Officer Mortensen observed a long, silver, metal club-type object between the driver's seat and driver's side door. Officer Mortensen also located a small knife in the course of frisking the first passenger.

Thereafter, Officer Mortensen asked Bonner to exit the vehicle. Bonner repeatedly refused, became nervous, and was argumentative. After several refusals, Officer Mortensen reached into the vehicle to grab Bonner's right arm and only then did Bonner exit the vehicle. Officer Mortensen conducted a frisk of Bonner and discovered a methamphetamine pipe in Bonner's shirt pocket. Officer Mortensen then conducted a search of the vehicle, at which time he located additional paraphernalia and marijuana.

Ultimately, Bonner was arrested and charged with possession of a controlled substance, possession of drug paraphernalia, and resisting and/or obstructing law enforcement. Bonner pled not guilty and filed a motion to suppress any evidence gained from the frisk of his person, asserting that Officer Mortensen did not have reasonable suspicion that Bonner was armed and dangerous. The district court subsequently entered an order denying Bonner's motion to suppress. Bonner entered a conditional guilty plea to possession of a controlled substance and resisting and/or obstructing law enforcement, reserving his right to appeal the denial of the suppression motion. Bonner timely appeals.

## II.

## ANALYSIS

Bonner asserts that the district court erred by denying his motion to suppress. He argues that the *Terry*[1] frisk was not justified because the facts known to the officer would not have caused a reasonable person to conclude Bonner was armed and dangerous.[2]

---

[1] *Terry v. Ohio*, 392 U.S. 1 (1968).

[2] On appeal, Bonner does not challenge the findings and conclusions by the district court that Officer Mortensen had probable cause sufficient to search the passenger compartment of the vehicle, that additional contraband located during the search of the passenger compartment gave Officer Mortensen probable cause to conduct a search of the entire vehicle, or that the warrantless seizure of the contraband located on Bonner's person during the *Terry* frisk was lawful pursuant to the plain feel doctrine.

2

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999). Here, the district court denied Bonner's motion to suppress, finding that based on the totality of the circumstances, Officer Mortensen was entitled to conduct a carefully limited search of Bonner's outer clothing in an attempt to discover weapons which might be used to assault the officers at the scene.

A warrantless search is presumptively unreasonable unless it falls within certain special and well-delineated exceptions to the warrant requirement. *Coolidge v. New Hampshire*, 403 U.S. 443, 454-55 (1971); *State v. Ferreira*, 133 Idaho 474, 479, 988 P.2d 700, 705 (Ct. App. 1999). In *Terry v. Ohio*, 392 U.S. 1 (1968), the United States Supreme Court created a stop-and-frisk exception to the Fourth Amendment warrant requirement. The stop and the frisk constitutes two independent actions, each requiring a distinct and separate justification. *State v. Babb*, 133 Idaho 890, 892, 994 P.2d 633, 635 (Ct. App. 2000); *State v. Fleenor*, 133 Idaho 552, 556, 989 P.2d 784, 788 (Ct. App. 1999).

The stop is justified if there is a reasonable and articulable suspicion that the individual has committed or is about to commit a crime. *Florida v. Royer*, 460 U.S. 491 (1983); *Terry*, 392 U.S. at 30; *State v. DuValt*, 131 Idaho 550, 553, 961 P.2d 641, 644 (1998); *Ferreira*, 133 Idaho at 479, 988 P.2d at 705. However, merely because there are reasonable grounds to justify a lawful investigatory stop, such grounds do not automatically justify a frisk for weapons. *Babb*, 133 Idaho at 892, 994 P.2d at 635. An officer may frisk an individual if the officer can point to specific and articulable facts that would lead a reasonably prudent person to believe that the individual with whom the officer is dealing may be armed and presently dangerous and nothing in the initial stages of the encounter serves to dispel this belief. *Terry*, 392 U.S. at 27; *Babb*, 133 Idaho at 892, 994 P.2d at 635; *Fleenor*, 133 Idaho at 555, 989 P.2d at 787. In our analysis of a frisk, we look to the facts known to the officer on the scene and the inferences of risk of danger

reasonably drawn from the totality of those specific circumstances. *Babb*, 133 Idaho at 892, 994 P.2d at 635; *Fleenor*, 133 Idaho at 555, 989 P.2d at 787.

In *State v. Bishop*, 146 Idaho 804, 203 P.3d 1203 (2009), the Supreme Court discussed several factors influencing whether a reasonable person in the officer's position would conclude that a particular person was armed and dangerous:

> whether there were any bulges in the suspect's clothing that resembled a weapon; whether the encounter took place late at night or in a high crime area; and whether the individual made threatening or furtive movements, indicated that he or she possessed a weapon, appeared nervous or agitated, appeared to be under the influence of alcohol or illegal drugs, was unwilling to cooperate, or had a reputation for being dangerous.

*Id.* at 819, 203 P.3d at 1218. Whether any of these considerations, taken together or by themselves, are enough to justify a *Terry* frisk depends on an analysis of the totality of the circumstances. *Id*.

In determining the officer had reasonable suspicion that Bonner was armed and dangerous such that a frisk was warranted, the district court found the following facts: (1) the stop occurred under an overpass when it was dark outside; (2) Officer Mortensen had prior contacts with the vehicle and characterized it as a known drug vehicle; (3) Officer Mortensen observed a pocket knife in the center console which was within arm's reach of all passengers; (4) Officer Mortensen observed a long, silver, metal club-type object between the driver's seat and door; (5) Officer Mortensen found an additional knife while frisking one of the passengers; (6) Bonner was uncooperative and argumentative with Officer Mortensen after being asked to exit the vehicle; (7) Bonner's demeanor was extremely nervous; and (8) Officer Mortensen had officer safety concerns based upon Bonner's high level of nervousness and noncompliance.

On appeal, Bonner does not contest these factual findings; rather, he takes issue with the district court's application of the facts to make the determination that "based upon the totality of the circumstances, Officer Mortensen was entitled to conduct a carefully limited search of Mr. Bonner's outer clothing in an attempt to discover weapons which might be used to assault the officers at the scene." Bonner emphasizes that the district court did not find that Bonner made any threatening movements, indicated he possessed a weapon, or had a reputation for being dangerous. Thus, Bonner argues, the district court's findings did not support a reasonable suspicion that he was armed and dangerous. We disagree. Many of the factors articulated by the district court were identified by the Supreme Court in *Bishop* as influencing whether a

4

reasonable person in the officer's position would conclude that a particular person was armed and dangerous. In the present case, under the totality of the circumstances, the district court did not err by determining Officer Mortensen had the requisite suspicion to conduct a limited search of Bonner's outer clothing.

## III.

## CONCLUSION

Based on the totality of the circumstances, Officer Mortensen was entitled to conduct a carefully limited search of Bonner's outer clothing in an attempt to discover weapons which might be used to assault the officers at the scene. The district court's order denying Bonner's motion to suppress is affirmed.

Chief Judge MELANSON and Judge HUSKEY **CONCUR**.