**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43045**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2017 Unpublished Opinion No. 431 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed:  April 17, 2017 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| AMBER C. MAY, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County.  Hon. Charles W. Hosack, District Judge.

Judgment of conviction for possession of a controlled substance, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Amber C. May appeals from her judgment of conviction for possession of a controlled substance.  Specifically, May argues that the district court erred in denying May's motion to suppress evidence obtained during a frisk for weapons.  For the reasons set forth below, we affirm.

May was a passenger in a vehicle stopped for speeding.  The officer obtained information regarding the driver and May and learned that May was on probation.  The officer ordered the driver and May out of the vehicle to conduct a search pursuant to the terms of May's probation.  Prior to searching the vehicle, the officer frisked May for weapons and found methamphetamine on her person.  The State charged May with possession of a controlled substance.  I.C. § 37-2732(C)(1).  May filed a motion to suppress, arguing that the officer had no objectively

1

reasonable basis to conclude that May might have been armed and dangerous at the time the officer conducted the frisk for weapons.  At the suppression hearing, the district court found that the officer articulated sufficient facts to support a reasonable suspicion that May might have been armed and dangerous.  However, the district court allowed May additional time to brief the issue.  When May advised the district court that no further briefing would be filed, the district court entered an order denying May's motion to suppress based on the district court's findings at the suppression hearing.   May entered a conditional guilty plea to possession of a controlled substance, reserving her right to appeal the district court's denial of the motion to suppress.

The standard of review of a suppression motion is bifurcated.  When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found.  *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996).  At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court.  *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

A warrantless search is presumptively unreasonable unless it falls within certain special and well-delineated exceptions to the warrant requirement.  *Coolidge v. New Hampshire*, 403 U.S. 443, 454-55 (1971); *State v. Ferreira*, 133 Idaho 474, 479, 988 P.2d 700, 705 (Ct. App. 1999).   In *Terry v. Ohio*, 392 U.S. 1 (1968), the United States Supreme Court created a stop-and-frisk exception to the Fourth Amendment warrant requirement.  The stop and the frisk constitute two independent actions, each requiring a distinct and separate justification.  *State v. Babb*, 133 Idaho 890, 892, 994 P.2d 633, 635 (Ct. App. 2000); *State v. Fleenor*, 133 Idaho 552, 556, 989 P.2d 784, 788 (Ct. App. 1999).

The stop is justified if there is a reasonable and articulable suspicion that the individual has committed or is about to commit a crime.  *Florida v. Royer*, 460 U.S. 491 (1983); *Terry*, 392 U.S. at 30; *State v. DuValt*, 131 Idaho 550, 553, 961 P.2d 641, 644 (1998); *Ferreira*, 133 Idaho at 479, 988 P.2d at 705.  However, merely because there are reasonable grounds to justify a lawful investigatory stop, such grounds do not automatically justify a frisk for weapons.  *Babb*, 133 Idaho at 892, 994 P.2d at 635.  An officer may frisk an individual if the officer can point to

2

specific and articulable facts that would lead a reasonably prudent person to believe that the individual with whom the officer is dealing may be armed and presently dangerous and nothing in the initial stages of the encounter serves to dispel this belief. *Terry*, 392 U.S. at 27; *Babb*, 133 Idaho at 892, 994 P.2d at 635; *Fleenor*, 133 Idaho at 555, 989 P.2d at 787. In our analysis of a frisk, we look to the facts known to the officer on the scene and the inferences of risk of danger reasonably drawn from the totality of those specific circumstances. *Babb*, 133 Idaho at 892, 994 P.2d at 635; *Fleenor*, 133 Idaho at 555, 989 P.2d at 787.

On appeal, May argues that the district court erred in its conclusion that the officer articulated sufficient facts to support a reasonable suspicion that May might be armed and dangerous. May argues that the officer relied on his assumption that everyone is armed and dangerous and the officer's belief that May was under the influence of stimulants. Specifically, May contends the officer admitted that he did not objectively believe May might be armed and dangerous. While the officer testified that he generally assumes everyone he deals with is armed and dangerous until he knows otherwise, that was not his articulated basis for the frisk in May's case. Rather, the officer testified that he observed both the driver and May acting incredibly nervous and fidgety, which are signs of stimulant use. The officer explained that people under the influence of stimulants behave erratically, which causes him to be concerned for his safety. The officer further testified that when he spoke with the driver, May was making furtive movements such as avoiding eye contact, bouncing her feet, and turning her body away from the officer by shifting her weight to her left hip. The officer testified that such furtive movements caused concern because he did not know whether May was trying to conceal or reach for something.

As the Idaho Supreme Court noted, an officer need not be absolutely certain that an individual is armed. *State v. Henage*, 143 Idaho 655, 660-61, 152 P.3d 16, 21-22 (2007). The issue is whether a reasonably prudent person in the circumstances would be warranted in the belief that his or her safety was in danger. *Id.* In *Henage*, the officer did not connect the defendant's nervousness with anything tending to demonstrate a risk to the officer's safety. *Id.* at 661-62, 152 P.3d at 22-23. Likewise, the officer did not articulate any furtive movements or behavior from which a person in the officer's position could reasonably conclude the defendant posed a risk. *Id.* In contrast, the officer here explained the connection between May's behavior

and the risk to the officer's safety when he testified that the erratic behavior associated with stimulant use caused safety concerns. Further, the officer testified regarding May's furtive movements in detail and explained why those movements caused the officer to be concerned for his safety. The officer articulated sufficient facts to support a reasonable suspicion that May might be armed and dangerous, and May has failed to show the district court erred in denying May's motion to suppress. Accordingly, May's judgment of conviction for possession of a controlled substance is affirmed.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.