**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44593**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2017 Opinion No. 24** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: May 4, 2017** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **SCOTT CAMERON FREELAND,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Randy J. Stoker, District Judge.

Judgment of conviction for possession of stolen property, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Scott Cameron Freeland appeals from his judgment of conviction for grand theft by possession of stolen property. Specifically, Freeland argues that the district court erred in denying Freeland's motion to suppress evidence found during a search for weapons. For the reasons set forth below, we affirm.

Freeland rented a home on his landlords' property. The landlords asked Freeland to leave for failure to pay rent and because the landlords suspected Freeland was engaged in drug activity. After the landlords believed Freeland had moved out, the landlords entered the home and found evidence that Freeland had stolen a pistol from the landlords. The landlords called the police who took pictures of the evidence, filed a theft report, and instructed the landlords to contact the police if Freeland returned. The following day, Freeland returned. The landlords' daughter

1

contacted the police and advised that Freeland was outside arguing with the landlords. The two responding officers were advised of the theft report.

When the police arrived, Freeland moved his hands toward his waist. One of the officers drew his weapon and ordered Freeland to put his hands up. When Freeland complied, the other officer went inside the landlords' house to speak with them while the first officer stayed with Freeland. The first officer saw a bulge in Freeland's sweater and asked him to raise his sweater. Freeland complied and the officer did not see a weapon at that time. The other officer returned and asked the first officer whether he frisked Freeland for weapons. When the first officer said he did not frisk Freeland, the other officer asked Freeland for consent to check his pockets and he offered to empty his own pockets. As Freeland emptied his pockets, the other officer observed what he believed was a holster on Freeland's hip. The other officer ordered Freeland to turn around with his hands behind his back and frisked him for weapons. The frisk revealed the pistol the landlords suspected Freeland had stolen.

The State charged Freeland with unlawful possession of a firearm (I.C. § 18-3316) and grand theft by possession of stolen property (I.C. §§ 18-2403(4), 18-2407(1), and 18-2409). Freeland filed a motion to suppress, arguing that the officers lacked reasonable suspicion to search Freeland.[1] The district court found that the search of Freeland's person was justified by the officers' reasonable fear for their safety and denied the motion to suppress. Freeland entered a conditional guilty plea to grand theft, reserving his right to appeal the denial of his motion to suppress. In exchange, the State dismissed the unlawful possession of a firearm charge. Freeland appeals.

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*,

---

[1] Freeland also argued that the search of the home he rented violated the Fourth Amendment. However, the district court determined the search was reasonable, and Freeland does not challenge that determination on appeal.

127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

A warrantless search is presumptively unreasonable unless it falls within certain special and well-delineated exceptions to the warrant requirement. *Coolidge v. New Hampshire*, 403 U.S. 443, 454-55 (1971); *State v. Ferreira*, 133 Idaho 474, 479, 988 P.2d 700, 705 (Ct. App. 1999). In *Terry v. Ohio*, 392 U.S. 1 (1968), the United States Supreme Court created a stop-and-frisk exception to the Fourth Amendment warrant requirement. The stop and the frisk constitute two independent actions, each requiring a distinct and separate justification. *State v. Babb*, 133 Idaho 890, 892, 994 P.2d 633, 635 (Ct. App. 2000); *State v. Fleenor*, 133 Idaho 552, 556, 989 P.2d 784, 788 (Ct. App. 1999).

The stop is justified if there is a reasonable and articulable suspicion that the individual has committed or is about to commit a crime. *Florida v. Royer*, 460 U.S. 491 (1983); *Terry*, 392 U.S. at 30; *State v. DuValt*, 131 Idaho 550, 553, 961 P.2d 641, 644 (1998); *Ferreira*, 133 Idaho at 479, 988 P.2d at 705. However, merely because there are reasonable grounds to justify a lawful investigatory stop, such grounds do not automatically justify a frisk for weapons. *Babb*, 133 Idaho at 892, 994 P.2d at 635. An officer may frisk an individual if the officer can point to specific and articulable facts that would lead a reasonably prudent person to believe that the individual with whom the officer is dealing may be armed and presently dangerous and nothing in the initial stages of the encounter serves to dispel this belief. *Terry*, 392 U.S. at 27; *Babb*, 133 Idaho at 892, 994 P.2d at 635; *Fleenor*, 133 Idaho at 555, 989 P.2d at 787. In our analysis of a frisk, we look to the facts known to the officer on the scene and the inferences of risk of danger reasonably drawn from the totality of those specific circumstances. *Babb*, 133 Idaho at 892, 994 P.2d at 635; *Fleenor*, 133 Idaho at 555, 989 P.2d at 787.

On appeal, Freeland argues that the district court erred in denying Freeland's motion to suppress. Specifically, Freeland contends that the district court erred in analyzing the search of Freeland's person as of the time the officer ordered Freeland to put his hands behind his back and conducted a frisk for weapons, rather than when the officers asked to check Freeland's pockets. Freeland admits that whether requesting a person empty his or her pockets constitutes a *Terry* search is an issue of first impression in Idaho. Freeland cites to cases in other jurisdictions to support his contention that the officers' request to search Freeland's pockets constituted a

3

*Terry* search. Specifically, Freeland cites to *United States v. Reyes*, 349 F.3d 219, 225 (5th Cir. 2003) where an officer requested a defendant lift his shirt and empty his pockets. However, *Reyes* does not establish a bright-line rule that requesting a defendant empty his or her pockets constitutes a *Terry* search. *Reyes*, 349 F.3d at 225. In fact, *Reyes* stands for the proposition that an officer may request a defendant lift his or her shirt and empty his or her pockets without violating *Terry* because such a request is less intrusive than a frisk for weapons. *Reyes*, 349 F.3d at 225. Freeland also cites *United States v. DiGiacomo*, 579 F.2d 1211, 1215 (10th Cir. 1978). However *DiGiacomo* involved a consensual search in which the government failed to meet its burden of establishing the consent was voluntary and is inapplicable. Other cases cited by Freeland involve an order, not a request, by officers that a defendant empty his or her pockets. *See, e.g.*, *State v. Hlavacek*, 407 S.E.2d 375, 380 (W. Va. 1991); *State v. Ingram*, 970 P.2d 1151, 1154 (N.M. Ct. App. 1998).

In contrast, the officer in this case asked Freeland for consent to search his pockets, and Freeland offered to empty his own pockets. Thus, even if these cases did announce a bright-line rule that requesting a defendant empty his or her pockets constitutes a *Terry* search, that rule would not render the search of Freeland's person unconstitutional. Freeland offered to empty his own pockets and does not argue on appeal that his offer was involuntary. Accordingly, the district court did not err in analyzing the search of Freeland's person as of the time the officer ordered Freeland to put his hands behind his back and conducted a frisk for weapons. The district court found that, at that time, the officers were aware that Freeland may have stolen a pistol, observed Freeland move his hands toward his waist when the officers arrived, and observed what appeared to be a holster on Freeland's hip. These circumstances support a reasonable inference that Freeland posed a risk of danger. Moreover, even if reasonable suspicion that Freeland may be armed was required to request Freeland empty his pockets, the officers' knowledge that Freeland may have possessed the stolen pistol, coupled with the initial encounter between Freeland and the officers, was sufficient to justify a frisk for weapons. Thus, the district court did not err in denying Freeland's motion to suppress. Accordingly, Freeland's judgment of conviction for grand theft by possession of stolen property is affirmed.

Judge GUTIERREZ and Judge HUSKEY, **CONCUR**.

4