IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 46783

| | |
|---|---|
| SCOTT CAMERON FREELAND, | ) |
| | ) Filed: February 4, 2020 |
| Petitioner-Appellant, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| STATE OF IDAHO, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Benjamin J. Cluff, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Riggins Law, P.A., Boise, for appellant. Paul E. Riggins argued.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

_____

LORELLO, Judge

Scott Cameron Freeland appeals from a judgment summarily dismissing his petition for post-conviction relief. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Freeland pled guilty to grand theft by possession of stolen property. Freeland appealed and this Court affirmed his judgment of conviction. *State v. Freeland*, 162 Idaho 532, 400 P.3d 620 (Ct. App. 2017). Freeland filed a post-conviction petition more than one year following the issuance of the remittitur in his direct appeal. In conjunction with his petition, Freeland filed a motion for the appointment of counsel. The district court issued a notice of intent to dismiss Freeland's petition for post-conviction relief on the basis that his petition was untimely pursuant to I.C. § 19-4902. Freeland responded, stating that, because he was indigent, he was unable to

1

pay for research materials and mistakenly believed he had one year and forty-two days from the time he received the remittitur to file his petition. The district court dismissed Freeland's petition on the grounds that it was untimely but never ruled on his motion for counsel. Freeland appeals.

## II.

## STANDARD OF REVIEW

The appellate court exercises free review of the district court's construction and application of the post-conviction statute of limitation. *Kriebel v. State*, 148 Idaho 188, 190, 219 P.3d 1204, 1206 (Ct. App. 2009).

## III.

## ANALYSIS

Freeland raises two claims on appeal: (1) the district court erred in failing to consider his motion for counsel prior to dismissing his petition; and (2) the district court erred in summarily dismissing his petition because he was entitled to tolling of the statute of limitation. The State concedes that the district court erred by failing to rule on Freeland's request for appointment of counsel prior to summarily dismissing the petition,[1] but contends the error was harmless because the petition was untimely and Freeland failed to establish a valid basis for tolling. We hold that the district court did not err in dismissing Freeland's petition as untimely and, therefore, the district court's failure to address Freeland's motion for appointment of counsel was harmless.

The statute of limitation for post-conviction actions provides that a petition for post-conviction relief may be filed at any time within one year from the expiration of the time for appeal, from the determination of appeal, or from the determination of a proceeding following an appeal, whichever is later. I.C. § 19-4902(a). The appeal referenced in that section means the appeal in the underlying criminal case. *Gonzalez v. State*, 139 Idaho 384, 385, 79 P.3d 743, 744 (Ct. App. 2003). The failure to file a timely petition is a basis for dismissal of the petition.

---

[1]     When a petitioner requests the appointment of counsel in a post-conviction case, the court must act upon the request before ruling on the substantive issues in the petition. *Grant v. State*, 156 Idaho 598, 603, 329 P.3d 380, 385 (Ct. App. 2014). The failure to do so, however, may be harmless. *See* I.R.C.P. 61 (providing that an error in proceedings will not be grounds for reversal if it does not affect the substantial rights of the parties); *Melton v. State*, 148 Idaho 339, 342, 223 P.3d 281, 284 (2009) (applying I.R.C.P. 61 in a post-conviction case).

*Kriebel*, 148 Idaho at 190, 219 P.3d at 1206. Freeland does not dispute that his post-conviction petition was untimely. He contends, however, that dismissal was improper because he established a basis for tolling the limitation period.

The bar for equitable tolling in post-conviction actions is high. *Chico-Rodriguez v. State*, 141 Idaho 579, 582, 114 P.3d 137, 140 (Ct. App. 2005). Generally, equitable tolling only applies in rare and exceptional circumstances beyond the petitioner's control that prevented the petitioner from filing a timely petition. *Leer v. State*, 148 Idaho 112, 115, 218 P.3d 1173, 1176 (Ct. App. 2009). Equitable tolling has been recognized in Idaho where the petitioner was incarcerated in an out-of-state facility without legal representation or access to Idaho legal materials and where mental disease and/or psychotropic medication prevented the petitioner from timely pursuing challenges to the conviction. *Rhoades v. State*, 148 Idaho 247, 251, 220 P.3d 1066, 1070 (2009); *Leer*, 148 Idaho at 115, 218 P.3d at 1176. In addition, in some circumstances commencement of the limitation period may be delayed until the petitioner discovers the facts giving rise to the claim. *Charboneau v. State*, 144 Idaho 900, 904, 174 P.3d 870, 874 (2007). Equitable tolling will not be applied where circumstances merely make it more difficult to file a petition or where a petitioner's own inaction causes him or her to file outside of the statute of limitation. *See Sayas v. State*, 139 Idaho 957, 960, 88 P.3d 776, 779 (Ct. App. 2003) (equitable tolling was denied even where the petitioner spoke only Spanish because bilingual aid was available); *Schultz v. State*, 151 Idaho 383, 386, 256 P.3d 791, 794 (Ct. App. 2011) (holding that tolling is not allowed for a petitioner's own inaction).

In response to the district court's notice of its intent to dismiss the petition as untimely, Freeland asked the district court not to dismiss the petition due to his indigency and inability to "pay for research material." Freeland claimed he was "rely[ing] on a friend out in the general public to look up and copy pertinent research and mail it in." Freeland also cited his lack of legal training, his reliance on another inmate who reportedly told him he had one year and forty-two days to file his petition, and his own belief that the relevant starting date for the statute of limitation was the date he received the remittitur as opposed to the date it was issued. On appeal, Freeland argues that his response to the district court's notice of intent to dismiss "made clear that he was deprived of the opportunity to bring his post-conviction claims in a timely fashion based solely on his indigency." Indigency is not a basis for tolling the post-conviction statute of

limitation. If it were, nearly every prisoner would be excused from the filing deadline set forth in I.C. § 19-4902(a).

Freeland's misunderstanding of the filing deadline as it related to him is also not a basis for tolling. Freeland did not allege, much less make an evidentiary showing, that he was unable to pursue his post-conviction claims during the one-year limitation period established by I.C. § 19-4902(a). That Freeland believed he had more time to file his petition than he did does not qualify as a rare and exceptional circumstance beyond his control that entitled him to tolling. Freeland has, therefore, failed to show error in the summary dismissal of his untimely petition. Moreover, because the claims in Freeland's petition are unquestionably barred by the statute of limitation, the district court's failure to rule on Freeland's motion for appointment of counsel prior to dismissing his petition as untimely was harmless. *See Swisher v. State*, 129 Idaho 467, 469, 926 P.2d 1314, 1316 (Ct. App. 1996) (holding that, because petitioner's post-conviction claims were time-barred, the petition was frivolous and the failure to timely rule on petitioner's motion for counsel was harmless).

**IV.**

**CONCLUSION**

Though the district court erred in failing to rule on Freeland's request for counsel prior to dismissing his petition for post-conviction relief, the error was harmless because Freeland's petition was untimely and he did not establish a valid basis for equitable tolling. Accordingly, the judgment summarily dismissing Freeland's petition for post-conviction relief is affirmed.

Judge GRATTON and Judge BRAILSFORD, **CONCUR**.

4