**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49892**

| | |
|---|---|
| STATE OF IDAHO,<br><br>    **Plaintiff-Respondent,**<br><br>v.<br><br>**JONATHAN JAMES LAWRENCE,**<br><br>    **Defendant-Appellant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**Filed:  November 28, 2023**

**Melanie Gagnepain, Clerk**

**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County.  Hon. Darren B. Simpson, District Judge.

Judgment of conviction for possession of a controlled substance, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Kiley A. Heffner, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Chief Judge

Jonathan James Lawrence appeals from his judgment of conviction for possession of a controlled substance.  Lawrence challenges the district court's order denying his motion to suppress. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Law enforcement responded to a report of an unresponsive male in a vehicle parked outside a retail store.  When the officer arrived, he found Lawrence "slumped over" in the vehicle with the door open.  The officer attempted to rouse Lawrence twice before he awoke.  The officer described Lawrence as being in an "altered state" and believed him to be under the influence of a controlled substance.  The officer also saw a box-cutter knife on the dashboard of Lawrence's vehicle, which the officer removed and advised Lawrence he was doing so.  After Lawrence started responding

to the officer, it appeared Lawrence was trying to conceal a bandana in his hand near his waistband. A second officer asked Lawrence to get out of his vehicle; as Lawrence did so, he continued to hold his hand over the bandana and against his body. The second officer asked Lawrence what he had and asked him to let go of the bandana as the second officer tried to remove it from Lawrence's hand. Lawrence initially resisted, but ultimately the second officer removed the bandana from Lawrence's hand as the other officer placed Lawrence in handcuffs. A subsequent search of the bandana uncovered a methamphetamine pipe, and a search of Lawrence uncovered two plastic baggies containing hydrocodone pills and methamphetamine.

The State charged Lawrence with two counts of possession of a controlled substance and possession with the intent to use drug paraphernalia. Lawrence filed a motion to suppress, asserting that the officer exceeded his community caretaking function by conducting a criminal investigation. Lawrence also argued that both the frisk of his person and seizure of his bandana were unreasonable. The district court granted Lawrence's motion to suppress in part and denied it in part. Specifically, the district court suppressed the statements Lawrence made before being read his *Miranda*[1] rights. However, the district court found that neither the frisk of Lawrence's person nor the seizure of his bandana were unreasonable and denied that portion of his motion to suppress.

Lawrence pled guilty to one count of possession of a controlled substance (I.C. § 37-2732(c)), reserved his right to appeal the partial denial of his motion to suppress, and the remaining charges were dismissed. Lawrence appeals.

## II.

### STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*,

---

[1]     *See Miranda v. Arizona*, 384 U.S. 436 (1966).

127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Lawrence argues that the district court erred by failing to grant his motion to suppress the methamphetamine pipe discovered in his bandana. Specifically, Lawrence asserts the frisk[2] and search of his bandana violated the Fourth Amendment.[3] The State responds that the district court properly concluded that the frisk was justified by the officer's reasonable suspicion that Lawrence was armed and dangerous and that the plain-feel exception to the warrant requirement authorized the search of the bandana. We hold that the search and seizure of Lawrence's bandana did not violate the Fourth Amendment. As such, Lawrence has failed to show error in the district court's denial of his motion to suppress.

### A.     Frisk

The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. amend. IV. In *Terry v. Ohio*, 392 U.S. 1 (1968), the United States Supreme Court created a stop-and-frisk exception to the Fourth Amendment warrant requirement. A stop and frisk constitutes two independent actions, each requiring a distinct and separate justification. *State v. Babb*, 133 Idaho 890, 892, 994 P.2d 633, 635 (Ct. App. 2000); *State v. Fleenor*, 133 Idaho 552, 556, 989 P.2d 784, 788 (Ct. App. 1999). An officer may frisk an individual if the officer can point to specific and articulable facts that would lead a reasonable person to believe that the individual with whom the officer is dealing may be armed and presently dangerous and nothing in the initial stages of the encounter serves to dispel this belief. *Terry*, 392 U.S. at 27; *Babb*, 133 Idaho at 892, 994 P.2d at

---

[2]     Both parties characterize the removal of Lawrence's bandana as a frisk. As such, we will analyze this claim of error based on the legal framework applicable to frisks.

[3]     Although Lawrence contends that both the state and federal constitutions were violated, he provides no cogent reason why Article I, Section 17 of the Idaho Constitution should be applied differently than the Fourth Amendment to the United States Constitution in this case. Therefore, the Court will rely on judicial interpretation of the Fourth Amendment in its analysis of Lawrence's claims. *See State v. Schaffer*, 133 Idaho 126, 130, 982 P.2d 961, 965 (Ct. App. 1999).

635; *Fleenor*, 133 Idaho at 555, 989 P.2d at 787. In our analysis of a frisk, we look to the facts known to the officer at the scene and the inferences of risk of danger reasonably drawn from the totality of those specific circumstances. *Babb*, 133 Idaho at 892, 994 P.2d at 635; *Fleenor*, 133 Idaho at 555, 989 P.2d at 787. While an officer need not possess absolute certainty that an individual is armed and dangerous, an inchoate and unparticularized suspicion or hunch is inadequate to justify a frisk. *State v. Bishop*, 146 Idaho 804, 819, 203 P.3d 1203, 1218 (2009).

Several factors influence whether a reasonable person in the officer's position would believe that a particular individual was armed and dangerous.

> These factors include: whether there were any bulges in the suspect's clothing that resembled a weapon; whether the encounter took place late at night or in a high crime area; and whether the individual made threatening or furtive movements, indicated that he or she possessed a weapon, appeared nervous or agitated, appeared to be under the influence of alcohol or illegal drugs, was unwilling to cooperate, or had a reputation for being dangerous.

*Bishop*, 146 Idaho at 819, 203 P.3d at 1218. While this list of factors is not exhaustive, any single factor could be sufficient to justify a *Terry* frisk. *See State v. Saldivar*, 165 Idaho 388, 392, 446 P.3d 446, 450 (2019); *Bishop*, 146 Idaho at 819, 203 P.3d at 1218.

Lawrence argues that the frisk did not satisfy the armed and presently dangerous criteria. We disagree. Several of the factors justifying a *Terry* frisk were present during the officer's interaction with Lawrence. For example, the district court found that, when the officer first contacted Lawrence, he "was slumped over his steering wheel," with the door open, and "was difficult to rouse." The district court also found Lawrence "appeared to be confused and dazed." The officer also recognized Lawrence as a drug user based on prior encounters. These observations led the officer to believe that Lawrence was impaired and may have been under the influence of a controlled substance. The officer also saw a box-cutter knife directly in front of Lawrence on the vehicle's dashboard, which the officer removed. Moreover, Lawrence was evasive when talking to the officer about the bandana he was holding. After asking Lawrence for his identification, the officer noticed that Lawrence appeared to be holding the bandana close to his waist and was attempting to cover it with his left hand. Even as he stepped out of the vehicle, Lawrence continued to press the bandana against his body. The officer testified that he was concerned the bandana was concealing a weapon. Based on these facts and the reasonable inferences drawn therefrom, the

4

district court found the officer's suspicion that Lawrence was possibly armed and dangerous objectively reasonable.

Lawrence does not directly challenge any of the district court's factual findings. Although Lawrence highlights other factors that were not present, such as the encounter occurred during the day and he was not threatening, volatile or evasive, not every factor need be present and any single factor alone could be sufficient to find that a frisk was justified under the circumstances. After considering the facts of this case and the totality of the circumstances, we agree with the district court's conclusion that the officer was justified in conducting a *Terry* frisk, including a frisk of Lawrence's bandana.

## B.  Plain-Feel Exception

Lawrence contends that, even if the frisk of his bandana was lawful, the search of his bandana was not. In particular, Lawrence argues that the district court erred in applying the plain feel exception to the warrant requirement because, he contends, the officer "did not feel an object in the bandana that he immediately recognized as contraband." This argument is contrary to the officer's testimony and the district court's factual findings based on that testimony.

At the suppression hearing, the following testimony was elicited from the officer who seized the bandana:

> Q.  When you received the bandana, could you feel its contents?
> A.  I did. I did feel the contents through the bandana, yes, ma'am.
> Q.  And what would--what did you believe was inside the bandana at that point based on what you could feel?
> A.  Yeah, just based on my experience and training, I believe that at that point it was going to be a glass pipe--or a pipe used for smoking methamphetamine or narcotics.
> Q.  So, at that point did you still believe the bandana might contain a weapon?
> A.  At that point I did not believe the bandana contained a weapon. I was fairly confident that it was going to be a meth pipe.

Based on the evidence presented at the suppression hearing, which included a video of the interaction between Lawrence and law enforcement, the district court found that, "given the cloth-style wrapping, it was reasonable that [the officer] could feel a pipe inside the material, which was immediately apparent as contraband, not only by its shape, but by the fact that Lawrence awkwardly continued to conceal the bandana in his hand."

5

The plain-touch or plain-feel exception to the warrant requirement applies when, during the course of a *Terry* frisk for weapons, an officer feels an object whose contour or mass makes its identity as contraband immediately apparent. *State v. Doe*, 145 Idaho 980, 984, 188 P.3d 922, 926 (Ct. App. 2008). If the object's identity as contraband is immediately apparent, an officer is justified in conducting a warrantless seizure of that object--i.e., removing the object from a suspect's pocket--on the basis of probable cause. *Id.* The district court's factual findings, which are unchallenged, support its conclusion that the officer lawfully searched Lawrence's bandana after it was immediately apparent based on plain feel that the bandana concealed contraband. Lawrence has failed to show the district court erred in denying his motion to suppress the evidence found in his bandana.

## IV.

## CONCLUSION

The officer was justified in conducting a frisk of Lawrence and in searching his bandana based on the plain-feel exception to the warrant requirement. Lawrence has therefore failed to show that the district court erred in denying his motion to suppress the evidence found in his bandana. Accordingly, Lawrence's judgment of conviction for possession of a controlled substance is affirmed.

Judge GRATTON and Judge HUSKEY, **CONCUR**.