# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50140

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed:  October 31, 2023** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JULIE LYNN SELZER, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Jason D. Scott, District Judge.

Order denying motion to suppress, <u>affirmed</u>; judgment of conviction, <u>affirmed</u>.

Erik R. Lehtinen, Interim State Appellate Public Defender; Kiley A. Heffner, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Julie Lynn Selzer appeals from her conviction for felony possession of a controlled substance.  Selzer contends the district court erred in denying her motion to suppress evidence found incident to a search of her purse because the scope of her consent was limited and then revoked.  We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

An Ada County Sheriff's deputy approached Selzer while he investigated a different matter at a hotel parking lot.  The deputy spoke with Selzer regarding the owner of the car parked next to hers.  In a conversation with Selzer, the deputy asked if he could search Selzer's purse to which Selzer replied:  "Yeah."  The deputy asked if there was something bad in her purse, and Selzer informed the deputy that she had pain pills in her purse.  The deputy asked if

1

he could see the pain pills, and again Selzer replied, "Yeah," and presented the deputy with the pill bottle. The deputy opened the pill bottle and inspected its contents. Selzer explained the prescription label did not match the pills, and the deputy replied that he would not arrest Selzer based on that offense.

When the deputy asked if there was anything else in Selzer's purse, she replied no, but stated she was nervous. Selzer then began going through her purse; the deputy noticed a pill crusher and commanded Selzer to hand him her purse or she would be arrested. The deputy searched the purse and found narcotics and paraphernalia. The State charged Selzer with two counts of felony possession and one count of possession of drug paraphernalia. Idaho Code §§ 37-2732(c)(1), 37-2734A(1).

Selzer filed a motion to suppress all evidence obtained as a result of the search. Selzer argued that she never gave express consent for the deputy to search the pill bottle, and she later revoked consent. The district court denied Selzer's motion to suppress. Selzer entered a conditional guilty plea and reserved the right to appeal the denial of her suppression motion. The district court imposed a sentence of five years with one year determinate, suspended the sentence, and placed Selzer on probation. Selzer timely appeals.

## II.

### STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999). However, when this Court has before it the exact same evidence presented to the trial court, this Court may "freely review the evidence and weigh the evidence in the same manner as the trial court would do." *State v. Maahs*, 171 Idaho 738, 744, 525 P.3d 1131, 1137 (2023) (quoting *State v. Andersen*, 164 Idaho 309, 312, 429 P.3d 850, 853 (2018)).

## III.

## ANALYSIS

Mindful that the evidence demonstrates Selzer's consent extended to the contents of the pill bottle and that the district court found she never revoked her consent, Selzer argues the district court erred in denying her motion to suppress. Selzer contends the deputy exceeded the initial scope of consent by opening the pill bottle, and then unlawfully searching her purse after she revoked consent. The State argues the district court did not err in finding Selzer gave valid consent to search of the pill bottle and her purse, the deputy's search did not exceed the scope of Selzer's consent, and she did not unequivocally withdraw her consent.

The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. Warrantless searches are presumed to be unreasonable and therefore violative of the Fourth Amendment. *State v. Weaver*, 127 Idaho 288, 290, 900 P.2d 196, 198 (1995). The State may overcome this presumption by demonstrating that a warrantless search either fell within a well-recognized exception to the warrant requirement or was otherwise reasonable under the circumstances. *Id.* Valid consent is a well-established exception to the warrant requirement. *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973); *State v. Barker*, 136 Idaho 728, 730, 40 P.3d 86, 88 (2002). The State has the burden of demonstrating freely given consent by a preponderance of the evidence. *State v. Kilby*, 130 Idaho 747, 749, 947 P.2d 420, 422 (Ct. App. 1997). Consent to search may be in the form of words, gestures, or conduct. *State v. Knapp*, 120 Idaho 343, 348, 815 P.2d 1083, 1088 (Ct. App. 1991). Consent must be unequivocal, specific, and freely and intelligently given. *State v. Harrison*, 160 Idaho 649, 652, 377 P.3d 1112, 1115 (Ct. App. 2016).

When the basis for a search is consent, the State must conform its search to the limitations placed upon the right granted by the consent. *State v. Ballou*, 145 Idaho 840, 849, 186 P.3d 696, 705 (Ct. App. 2008); *State v. Thorpe*, 141 Idaho 151, 154, 106 P.3d 477, 480 (Ct. App. 2004). The standard for measuring the scope of consent under the Fourth Amendment is objective reasonableness. *State v. Greub*, 162 Idaho 581, 585, 401 P.3d 581, 585 (Ct. App. 2017); *see Florida v. Jimeno*, 500 U.S. 248, 252 (1991) (stating "f [the suspect's] consent would reasonably be understood to extend to a particular container, the Fourth Amendment provides no grounds for requiring a more explicit authorization.). Generally, the scope of a search is defined by its expressed object. *Greub*, 162 Idaho at 585, 401 P.3d at 585.

3

Revocation of consent is analyzed under the same test that governs whether consent was voluntary when initially granted. *Id.* at 586, 401 P.3d at 586; *see also State v. Halseth*, 157 Idaho 643, 646, 339 P.3d 368, 371 (2014) (stating "inherent in the requirement that consent be voluntary is the right of the person to withdraw that consent"). Consent can be withdrawn by words, gestures, or conduct. *Greub*, 162 Idaho at 586-87, 401 P.3d at 586-87. In *Greub*, this Court noted other jurisdictions also use the objectively reasonable standard but require an unequivocal act or statement inconsistent with the previously given consent. *Id.* at 586, 401 P.3d at 586. We concluded that the defendant taking her purse as she exited the vehicle clearly indicated her consent did not extend to her purse. *Id.* at 587, 401 P.3d at 587. Ultimately, we held that the defendant's acquiescence to a claim of lawful authority was not voluntary consent, and therefore, her conduct attempting to limit consent was not rendered equivocal. *Id.* Thus, a person may revoke consent if a reasonable person would understand the conduct clearly seeks to end or limit the previously given consent.

The district court reviewed the deputy's bodycam video and found the interaction was conversational and that Selzer voluntarily consented to the search. Selzer acknowledges she initially consented to a search of her purse. The district court determined the deputy did not exceed the scope of Selzer's consent by opening the pill bottle, and that Selzer did not revoke consent prior to the deputy searching her purse. Selzer informed the deputy she had pain pills that did not match the bottle's label, indicating she understood the deputy's search for "something bad" involved narcotics. The deputy asked if he could see them, Selzer responded "Yeah," handed over the bottle, and did not object to the deputy viewing the pills. The deputy stated he would not arrest Selzer for that offense and the interaction continued:

| | |
|---|---|
| Deputy: | Is there anything else in your purse? |
| Selzer: | No, I'm just like [unintelligible] |
| Deputy: | Can I look in your purse and make sure there's nothing else? Without you digging around in it, because . . . it makes me nervous. Is there any -- |
| Selzer: | Well, I don't think so. |
| Deputy: | Okay, can I look, please? I mean, already I could arrest you. |
| Selzer: | Yeah, I know, but you make me, like nervous now. |

Selzer began going through her purse. The deputy noticed a pill crusher and then demanded Selzer hand him the purse or Selzer would be arrested. Selzer responded, "Okay, that's fine," as the deputy took the purse.

4

The district court concluded a reasonable person would have believed that searching the pill bottle was within the scope of consent and that Selzer did not say anything that would convey revocation. Because Selzer did not limit what could be searched, her consent reasonably extended to containers within her purse that could contain narcotics. The deputy specifically inquired about the pills and sought to inspect them, not merely the bottle. Selzer verbally consented and then handed over the container. The search centered on the presence of any narcotics and a reasonable person would have expected a pill bottle within the purse could contain narcotics. Thus, Selzer provided voluntary consent to a search, and the scope of consent granted reasonably encompassed the container's contents.

As to Selzer revoking her consent, the district court found only one statement plausibly asserted an attempted revocation. The statement was Selzer's "well, I don't think so" reply. However, the district court found that this statement referred to whether there was "anything bad" in the purse, not Selzer revoking consent, and was not an unequivocal revocation. Selzer does not point to any other statement as evidencing revocation of consent. Factually, we agree with the district court's assessment that the remark referred the officer's unfinished question directed at potential additional contents in the purse, not revocation of consent. Legally, the remark, in the circumstances and to a reasonable person, was not an unequivocal revocation of the prior consent. The district court did not err in concluding Selzer did not revoke her consent through this remark because it was not an unequivocal revocation but was, instead, a response to a question regarding additional drugs. Accordingly, the district court correctly concluded that Selzer consented to a search of the container from her purse and did not unequivocally revoke her consent.

## IV.

## CONCLUSION

The district court did not err in denying Selzer's motion to suppress. Accordingly, the order denying the motion to suppress and the district court's judgment of conviction are affirmed.

Chief Judge LORELLO and Judge HUSKEY **CONCUR**.